IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

KEVIN W. CANADA, )
)
        Plaintiff, )
)
v. ) Case No. CIV-08-104-KEW
)
MICHAEL J. ASTRUE )
Commissioner of Social )
Security Administration, )
)
        Defendant. )

**OPINION AND ORDER**

Plaintiff Kevin W. Canada (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant engaged in substantial gainful activity and ended his receipt of disability benefits. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial

---

Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on June 8, 1965, and was 42 years old at the time of the hearing. He has a high school education and completed two years of technical school. Claimant alleges an inability to work beginning February 1, 2004, due to osteogenesis imperfecta tarda, pain in the left knee, osteoporosis, obesity, pain, and affective disorder.

**Procedural History**

Claimant applied for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) on July 18, 2005 and supplemental security income pursuant to Title XVI of the Social Security Act

(42 U.S.C. § 1381, *et seq.*). Claimant's applications were denied initially and upon reconsideration. On October 16, 2007, Claimant appeared at a hearing before ALJ Jeffrey Wolfe in Sallisaw, Oklahoma. By decision issued December 28, 2007, the ALJ denied Claimant's request for benefits, finding he engaged in substantial gainful employment after the alleged onset date. The Appeals Council denied review on February 28, 2008. Thus, this latest decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step one of the sequential evaluation. He determined that Claimant engaged in substantial gainful activity since the alleged onset date, thereby finding he was not disabled.

### Review

Claimant asserts that the ALJ erred in finding Claimant engaged in substantial gainful activity ("SGA").

### Step One Analysis

The administrative record indicates Claimant earned $10,144.63 in 2004, $9,135.49 in 2005, and $7,997.13 in 2006. (Tr.44). Prior to November of 2005, Claimant worked several temporary jobs including as an injection machine mold operator, a chain sorter, a steel worker, a fiberglass press operator, and a floor maintenance worker. (Tr. 51, 280-288).

4

In November of 2005, Claimant began working at Hardee's as a biscuit maker or back line cook. (Tr. 268). Claimant was unemployed in 2005 for three to four months. (Tr. 289). After Claimant began working for Hardee's, he averaged between 22 and ½ and 27 hours per week. (Tr. 290). His hours go up and down depending upon business. (Tr. 291).

The vocation expert testifying in this case, Glen Marlowe, stated it was not unusual in the fast food industry to hire people on at less than 40 hours per week. Many times, he opined, the reason for this practice is to avoid paying benefits to full time employees. (Tr. 304).

In his decision, the ALJ found that based upon the record, including Claimant's testimony, "there has been no continuous 12-month period during which Mr. Canada has not engaged in substantial gainful activity. Alternatively, Mr. Canada's otherwise consistent pattern of part-time work clearly shows that he is capable of competitive work." (Tr. 17).

The ALJ also determined both legal and factual components precluded the awarding of benefits. The legal component is based upon the ruling in Barnhart v. Walton, 535 U.S. 212 (2002), wherein it was affirmed that a claimant must be unable to engage in substantial gainful activities for a continuous 12 month period. In this case, the ALJ determined Claimant met the income level for 2004 to find he engaged in substantial gainful activity for that

period. Thereafter, the ALJ determined that while the income level was not achieved, the nearly continuous employment at Hardee's for the number of hours recognized in the fast food industry constituted substantial gainful activity. (Tr. 18).

In the factual component of the ALJ's analysis, he found Claimant's condition does not require that he take pain medication, other than ibuprofen, when he is not working. The ALJ also determined Claimant has maintained a consistent work pattern over a "two-plus-year period," indicating Claimant's pain is not as severe as claimed. He found Claimant was functioning at competitive levels in employment. (Tr. 19).

"Substantial gainful activity" is defined as

> work activity that is both substantial and gainful. . . . Substantial work activity is work activity that involves doing significant physical or mental activities. . . . [W]ork may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

20 C.F.R. § 404.1572(a) and (b).

Ordinarily, substantial gainful activity, at least initially, is determined based upon Defendant's wage guidelines. 20 C.F.R. §404.1574. In 2004, Claimant worked up to 48 hours per week with monthly earnings of $845.39. The guidelines establish that earnings of $810.00 per month is generally considered SGA. 20 C.F.R. §404.1574(b)(2). Considering none of the other criteria

6

that the ALJ may evaluate, Claimant engaged in SGA in 2004, after the alleged onset date of February 1, 2004.

For the year 2005, Claimant earned $9,135.49, working approximately 8-9 months of the year. The guidelines establish earnings of $830.00 per month as demonstrating SGA. This Court disagrees with Defendant's calculation of Claimant's per month earnings by only including the months Claimant actually worked. Rather, the amount earned is averaged over a 12 month period. To calculate the amount otherwise could result in a determination that a particular claimant has earned over $1,000.00 per month by showing he worked one month and earned that amount – he would, after all, average $1,000.00 per month over the one month period he worked. Averaging Claimant's earnings over 12 months shows he earned $761.29 per month in 2005, an amount below the guideline average.

This, however, does not end the inquiry. As the ALJ found, no evidence indicates Claimant did not work 3-4 months in 2005 because he was unable to work due to an impairment. After this period, he became consistently and steadily employed by Hardee's in November of 2005. This Court finds no error in the ALJ's finding Claimant was engaged in SGA in 2005.

For the year 2006, Claimant earned some $7,997.13, thereby averaging $666.43 per month. The guideline earnings level for this period was $860.00 per month. While the guideline amount is not

satisfied, the ALJ nonetheless determined Claimant engaged in SGA.

Significant differences between the parties in interpretation of the case <u>Walton</u> case appears in the briefing. The United States Supreme Court determined in this opinion bearing on the SGA issue found the guidelines require an inability to work or engage in substantial gainful activity for a continuous 12 month period, thereby establishing a durational requirement. <u>Walton</u>, 535 U.S. at 214-15. In that regard, this Court concurs with the ALJ's findings that Claimant did not demonstrate any disability caused him to forego gainful employment. Indeed, the evidence and particularly Claimant's testimony reveals quite the opposite. Claimant has worked for Hardee's since November of 2005 and for all intents and purposes worked the hours established by management, admittedly not always a 40 hour work week. However, the evidence also establishes a work week of less than 40 hours and within the range assigned to Claimant represents the norm for fast food employment. It was, therefore, proper for the ALJ to conclude Claimant's work was comparable to that of an unimpaired individual. 20 C.F.R. §404.1574(b)(3)(ii). The fact the work was part time does not preclude a finding that Claimant engaged in SGA. 20 C.F.R. §404.1572(a). As a result, this Court does not find error in the ALJ's conclusion that Claimant engaged in SGA after his alleged onset date.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration is **AFFIRMED**.

DATED this 30th day of March, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE